The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

BRADFORD STREET,

                Defendant.

NO.  2:18-cr-00131-RAJ

ORDER ON DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Bradford Street's motion for compassionate release.  Dkt. 1466.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Street is a 57-year-old inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of August 14, 2024.  On February 20, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C), and 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  Dkt. 608.  On June 28, 2019, Mr. Street was sentenced by this Court to 68 months of imprisonment, to be followed by five years of supervised release.  Dkt. 884.  He now moves for compassionate release arguing that he presents extraordinary and compelling

reasons for the Court to reduce his sentence to time served or, alternatively, to release him to serve the balance of his sentence on home confinement.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Street's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Street's motion, the statute now provides:

(c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

**B.     Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Street's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

On July 15, 2020, Mr. Street submitted a Form BP-9 to the warden of FCI Sheridan requesting compassionate release. Dkt. 1466, Ex. 1. On July 17, 2020, he received a response denying his request claiming that he had not attempted to resolve his claim by way of the required informal resolution process. Dkt. 1466, Ex. 2. On July 29,

ORDER - 3

2020, Mr. Street submitted an informal resolution request.  Dkt. 1466, Ex. 3.  On August 5, 2020, he again submitted a request for compassionate release, to which he received no response. Dkt. 1466, Ex. 4.  Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Street's motion is properly before the Court.

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Street's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

 (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.  Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Street bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

Mr. Street argues that the combination of his medical conditions of hypertension, hyperlipidemia, and obesity heighten his risk of severe complications or death should he become infected with coronavirus-19 (COVID-19), highlighting that hypertension and obesity are among the top COVID-19 co-morbidity risk factors set forth by the Centers for Disease Control and Prevention (CDC).  Dkt. 1466 and 1467.

Mr. Street indicates an additional factor that places him at higher risk is the potential impact of COVID-19 upon him as an African American man.  While the effects may be attributable to environmental and societal factors beyond the virus itself, Mr. Street argues that his race, combined with his other medical conditions, present extraordinary and compelling reasons for the Court to order his immediate release. Dkt. 1466.

1    Lastly, Mr. Street asserts that the conditions of his confinement at FCI Sheridan
2    prevent him from following the recommended social distancing and hygiene protocols
3    necessary to keep him safe from contracting the virus.  Dkt. 1466.

4        The government argues that while Mr. Street does have a documented history of
5    hypertension and hyperlipidemia, the evidence indicates that these conditions have been
6    well controlled with medication and that he is otherwise healthy.  The government
7    indicates Mr. Street's health status has not changed since the time of preparation of the
8    Presentence Report in June of 2019.  While he continues to have a diagnosis of
9    hypertension, the government argues the medical records indicate it is being controlled
10   with medication and that he does not suffer from the health complications that can arise
11   with hypertension.  Dkt. 1493, Ex. A, at 1, 2, 23, 25.

12       The government further indicates that while Mr. Street also continues to have a
13   diagnosis of hyperlipidemia, again, the medical records reflect this condition is being
14   treated with medication.  Dkt. 1493, Ex. A, at 1; Ex. C, at 1, 2, 17.

15       As it relates to Mr. Street's claim of obesity, the government concedes that obesity
16   does appear on the CDC's list of conditions that can increase the risk of severe illness
17   should one contract the virus and, as such, the Court could find this to be an extraordinary
18   and compelling reason to consider releasing Mr. Street.  The government points out,
19   however, that the medical records establish Mr. Street's current height of 68 inches and
20   weight of 200 pounds results in a body mass index (BMI) of 30.4 (Dkt. 1493, Ex. A, at
21   17), rendering him barely obese, and that a loss of four pounds would remove him from
22   that classification.  Dkt. 1491.

23       Finally, the government sets forth in detail the efforts being undertaken by the
24   Bureau of Prisons to mitigate the spread of the virus, and argues that Mr. Street's
25   speculative fear of contracting COVID-19, when coupled with his mild obesity and well-
26   controlled hypertension and hyperlipidemia, do not constitute extraordinary and
27   compelling reasons for the Court to grant immediate release.  Dkt. 1491.

28

ORDER - 6

1       The Court now turns to its analysis of each of Mr. Street's claimed justifications

2  for compassionate release.  First, Mr. Street's BMI is slightly above the threshold for

3  having a medical condition that the CDC has identified as a COVID-19 risk factor and

4  generally qualifies as an extraordinary and compelling reason for the Court to consider a

5  reduction in his sentence.  On this point, the Court agrees with the government that Mr.

6  Street reaches the CDC threshold because of a mere four pounds, *i.e.,* his current BMI of

7  30.4 would be 29.8 but for that minimal poundage.  The Court does not find that this

8  evidence, his overall medical history or records support his claim that his obesity meets

9  an extraordinary and compelling reason to warrant a reduction in his sentence.

10      Turning to Mr. Street's hypertension issue, the Court does not find that his

11  medical records for this condition justify a finding that it serves as the basis for an

12  extraordinary and compelling reason for release for several reasons.  As an initial

13  observation on this topic, the CDC has issued a tempered warning that hypertension

14  "might" be a risk factor.  Moreover, the CDC does not include high blood pressure in its

15  list of factors that lead to an increased risk of severe illness from COVID-19.

16      The Court has reviewed the entirety of the submitted medical records for Mr.

17  Street.  While his hypertension history is a matter of record, there is no evidence before

18  the Court that the medication and other care and treatment of this condition have been

19  inadequate or insufficient.  His readings and the medical reports do not suggest that he

20  has maintained a level of blood pressure readings to suggest that he fits in the category of

21  concern that might pose an increased risk of severe illness from COVID-19.  He has thus

22  failed to meet his burden demonstrating that this claim serves as grounds for

23  compassionate release and the evidence he has submitted is insufficient to warrant the

24  relief requested.

25      Mr. Street's high cholesterol contention for release fails as well.  This condition is

26  not on the CDC list of COVID-19 risk factors and it appears from the medical records

27  that this condition is also being addressed by the BOP.

28

ORDER - 7

Mr. Street further contends that he is African American, and his race serves as a risk factor recognized by the CDC.  Mr. Street's ethnicity argument is linked to his claim of hypertension.  Since the Court has addressed the hypertension issue as not serving as a basis for compassionate release, the Court looks to what other evidence or analysis Mr. Street has advanced to support his claim that race and hypertension as submitted serve as a basis for sentence reduction and none has been provided.  While Mr. Street has failed to provide sufficient analysis to support his release claim, the Court would be remiss in not acknowledging the CDC data of COVID-19 infections and deaths as staggering for African Americans, but without more no relief can be accorded to Mr. Street.

Last, Mr. Street contends that the Bureau of Prisons is not responding adequately to the COVID-19 pandemic and is unable to keep him safe from contracting the virus. It is undisputed that Mr. Street is being held at a Bureau of Prisons facility that has experienced an outbreak of COVID-19 that includes positive tests, recoveries from the virus, and deaths.  The government has also outlined the series of methods that have been engaged to combat the disease.  This Court does not dispute that challenging and deadly conditions may exist at varying prison facilities around the United States, including FCI Sheridan.  What is critical for this Court's determination of Mr. Street's motion is whether his individual circumstances warrant compassionate release.

Considering the foregoing, what remains is Mr. Street's fear of contracting the disease as opposed to suffering from the same, and the concern about the Bureau of Prisons' ability to provide a safe environment.

In this case, the Court does not find that Mr. Street has demonstrated sufficient facts or evidence to warrant compassionate release.  At best, he poses generalized questions about the uncertainty of next steps for COVID-19 in FCI Sheridan and the restrictions on his daily living activities.

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.

*United States v. Eberhart,* No. 13-cr-00313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020).  Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.

### D.  Safety of Others

The Court next turns to whether Mr. Street presents a danger to the safety of any other person or to the community.  *See* U.S.S.G. §1B1.13(2).  In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

While Mr. Street concedes his crimes were serious and that he has an extensive criminal history, he argues that he is not a danger to the safety of others, or the community given his previous crimes consisted mainly of misdemeanors or low-level nonviolent felonies, and other than his current crime of conviction his previous crimes did not involve firearms.  Mr. Street indicates that his conduct while incarcerated has been exemplary, there have been no disciplinary issues, and that he has taken advantage of educational and positive self-improvement programming.  He further points to his performance on pretrial release during which he incurred no violations, he maintained employment throughout, and he self-reported to begin serving his sentence as directed. Dkt. 1466.

The government counters that the circumstances of the COVID-19 pandemic have not reduced Mr. Street's danger to others, and that his lengthy criminal history is an indicator that he likely will commit further crimes when released from custody.  Dkt. 1491.

ORDER - 9

Even if this Court were to find extraordinary and compelling reasons to warrant release, Title 18 U.S.C. § 3142(g) and U.S.S.G. § 1B1.13 mandate otherwise.  The specific facts of Mr. Street's history and circumstances indicate he poses a continuing danger to the community.  Despite his history of drug offenses and intervening court interventions, Mr. Street once again chose criminal activity as an alternative to becoming a law-abiding citizen.  Mr. Street's continued commitment to criminal conduct and illegal activity when given the opportunity to do otherwise indicates to the Court that he continues to pose a danger to the community.  This is particularly so as the offense for which he was sentenced included his connection with various firearms.  His prior crimes, while many, did not reflect the use of or possession of firearms.  In the instant case, Mr. Street even admitted that he possessed the firearms in furtherance of the drug conspiracy. PSR, p. 9

### E.  Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Street's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Street's briefing does not address the factors set forth in 18 U.S.C. § 3553(a).  The government argues that these factors have not changed since the Court determined that 68 months of incarceration was a necessary sentence to meet the goals of sentencing, and that reducing Mr. Street's sentence to time served would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.  The government rightly indicates that in sentencing the more than 40 defendants in these two related conspiracies, the Court thoroughly considered the relative culpability of each defendant,

ORDER - 10

and carefully crafted sentences based on each individual's personal history and characteristics, and each defendant's role in the offense, which included whether or not the defendant was armed with a firearm, as was Mr. Street.  The government argues that releasing Mr. Street now would result in significant sentencing disparities, as he has served less than a quarter of his sentence.  Dkt. 1491.

Mr. Street argues that in reevaluating the sentencing factors, the Court should find that his performance on pretrial supervision, the amount of time he has already served, and the absence of any infractions while in custody warrant release and satisfy the factors set forth in §3553(a).  The Court is unpersuaded that these circumstances warrant his release.  Merely complying with the conditions of pretrial supervision and the absence of violations while incarcerated are expected and together do not warrant release.

## III.  CONCLUSION

For the foregoing reasons, Defendant Bradford Street's motion for compassionate release is **DENIED**.

DATED this 13th day of January, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER - 11