The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>BRADFORD STREET,<br><br>                    Defendant. | NO.  2:18-cr-00131-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Bradford Street's motion for compassionate release. Dkt. 1640. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Street is a 59-year-old inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of August 14, 2024. On February 20, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C), and 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Dkt. 608. On June 28, 2019, Mr. Street was sentenced by this Court to 68 months

ORDER - 1

of imprisonment, to be followed by five years of supervised release.  Dkt. 884.  On January 13, 2021, the Court denied Mr. Street's first motion for compassionate release, which was based on his medical conditions and the risks to his health due to the COVID-19 pandemic, finding that he failed to present extraordinary and compelling reasons for the Court to reduce his sentence to time served or, alternatively, to release him to serve the balance of his sentence on home confinement.  Dkt. 1518.  Now before the Court is Mr. Street's second motion for compassionate release in which he argues the Court should reduce his sentence based on his common law wife's recent breast cancer diagnosis, and the need for him to care for his common law wife and his minor children due to that diagnosis.  He further argues that his personal history and rehabilitation efforts while incarcerated warrant the Court granting him a sentence reduction and release.  Dkt. 1640.

## II. DISCUSSION

**A.     Legal Standard for Compassionate Release**

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction."  United States Sentencing Guidelines ("USSG") § 1B1.13.

The policy statement, found at USSG § 1B1.13, directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

As relevant to this motion, the application notes then provide:

> (C) **Family Circumstances**.
>
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

The notes then state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Street's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Street's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

>impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Street's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Street has documentation that he sent a Form BP-9 sentence reduction/compassionate relief request to the warden at FCI Sheridan Satellite Camp on April 9, 2023. Dkt. 1640, Ex. 1. The request was denied on April 13, 2023. Dkt. 1640, Ex. 2. The government acknowledges the exhaustion requirement has been met. Dkt. 1656, at 6. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Street's motion is properly before the Court.

///

///

## C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Street's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Street bears the burden to show "extraordinary and compelling reasons" that meet the

directives set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

Mr. Street argues that extraordinary and compelling circumstances justify a reduction in his sentence, in particular that due to his common law wife Afrika Red's recent breast cancer diagnosis, he should be released to provide physical, financial and emotional support to her and their two minor children, ages 14 and 17. Dkt. 1640.

The government concedes that a serious health issue suffered by an inmate's spouse or partner can be a basis for a finding of extraordinary and compelling reasons for early release, but opposes Mr. Street's motion arguing that his situation does not meet that standard. Dkt. 1656. While acknowledging that a cancer diagnosis is frightening and challenging, the government indicates that Mr. Street's motion lacks specificity as to what kind of support Ms. Red needs, that Mr. Street has not demonstrated that he alone can care for Ms. Red as opposed to others in the community who may be able to assist, and that Mr. Street has not provided evidence that Ms. Red is unable to care for their teenaged children.

The Court agrees with the government. The generality of Mr. Street's petition is fatal to his request. It is devoid of the details that would be of assistance to this Court granting his application for early release. In addition to the government's observations, the Court notes that Mr. Street and Ms. Red have two adult children and there is no evidence why they are not in a position to care for or share in her recovery. There is also no indication that other family, siblings, or friends are unable or unwilling to provide the necessary care identified.

The Court has reviewed the plethora of citations advanced by Mr. Street where compassionate release has been granted for what he suggests to be similar circumstances. Dkt. 1640, at 4. What is dissimilar from the instant case is that in those cases, there was clear evidence or at least some evidence that the defendant was the only available

caregiver, which is not the case here. While it is noble for Mr. Street to desire to be the caregiver, it is unfortunate he has not equipped the Court with necessary facts to honor his request. It is for these reasons that he has failed to present compelling circumstances to warrant compassionate release.

### D. Safety of Others

The Court next turns to whether Mr. Street presents a danger to the safety of any other person or to the community. *See* U.S.S.G. §1B1.13(2). In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Street argues that, if released, he would not be a danger to the community. He indicates his conduct while incarcerated has been exemplary, there have been no disciplinary issues, and he has taken advantage of educational and positive self-improvement programming, including the completion of RDAP to address his history of drug abuse. He further points to his performance on pretrial release during which he incurred no violations, he maintained employment throughout, and he self-reported to begin serving his sentence as directed. Dkt. 1640.

The government counters by citing Mr. Street's extensive criminal history of 21 prior convictions, of which eight convictions involved controlled substances and at least seven were felonies. Mr. Street's misdemeanor history includes 13 convictions for assault, physical control of a vehicle while intoxicated, and theft. The government argues that Mr. Street's criminal history, which includes crimes of violence, suggests a high likelihood that he will return to criminal conduct if released early, putting the community at risk. The Court agrees with this assessment.

ORDER - 7

**E.  Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Street's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Street argues that the Court should consider that Mr. Street was not identified as a leader or organizer of this drug conspiracy.  While conceding his high criminal history score, he highlights that most of those consisted of misdemeanor-level offenses.  He indicates that while on pretrial supervision he had no violations of his bond and was permitted to self-report to begin serving his sentence.  Mr. Street states that due to his age of 59 he is less likely to reoffend, and cites the programming he has completed while incarcerated, including RDAP and other educational courses.  Dkt. 1657.

The government argues that the § 3553(a) factors have not changed since the Court determined that 68 months of incarceration was a necessary sentence to meet the goals of sentencing, and that reducing Mr. Street's sentence to time served would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.  The government also indicates that in sentencing the more than 40 defendants in these two related conspiracies, the Court thoroughly considered the relative culpability of each defendant, and carefully crafted sentences based on each individual's personal history and characteristics, and each defendant's role in the offense, which included whether or not the defendant was armed with a firearm, as was Mr. Street.  The government argues that releasing Mr. Street now would result in sentencing disparities.  Dkt. 1656.  Again, the Court agrees with the government.  His sentence is commensurate

with that imposed on the multitude of other defendants. Altering his sentence even for the brief period of incarceration remaining would present such a disparity.

### III. CONCLUSION

For the foregoing reasons, Defendant Bradford Street's motion for compassionate release is **DENIED**.

DATED this 6th day of September, 2023.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge